**SHAMIS & GENTILE, P.A.**
Andrew J. Shamis (AZ Bar No. 037343)
ashamis@shamisgentile.com
14 NE 1st Avenue, Suite 705
Miami, FL 33132
Tel: (305) 479-2299
Fax: (786) 623-0915

**EDELSBERG LAW, P.A.**
Scott Edelsberg (CA Bar No. 330090)
(*pro hac vice forthcoming*)
scott@edelsberglaw.com
1925 Century Park East, Suite 1700
Los Angeles, CA 90067
Tel: 305-975-3320
Fax: 786-623-0915

*Attorneys for Plaintiff and the Putative Class*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| ELLIOTT AMBROSIO, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PROGRESSIVE PREFERRED INSURANCE COMPANY,<br><br>Defendant. | CASE NO.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Elliott Ambrosio ("Plaintiff") brings this class action on behalf of himself and all others similarly situated, by and through undersigned counsel, and for his Complaint against Progressive Preferred Insurance Company ("Defendant" or "Progressive Preferred") states and alleges as follows:

### INTRODUCTION

1. This is a class action on behalf of Plaintiff and all other similarly situated claimants in Arizona who received a payment for the loss of a totaled vehicle from Defendant, where

Defendant used valuation reports prepared by Mitchell International, Inc. ("Mitchell") to determine the actual cash value of the loss vehicles. By using these valuation reports, Defendant systemically thumbs the scale when calculating the actual cash value of claimants' loss vehicles by applying so-called "Projected Sold Adjustments" that are: (a) deceptive and unexplained; (b) contrary to appraisal standards and methodologies; (c) not based in fact, as they are contrary to the used car industry's market pricing and inventory management practices; (d) not applied by the major competitor of Defendant's vendor Mitchell; and (e) on information and belief, not applied by Defendant and Mitchell to insureds in other states like California.

2. When valuing total loss claims for vehicles, it is improper for an automobile insurance company, such as Progressive Preferred, to undervalue and underpay the claims by manipulating the data used to determine the actual cash value of the vehicles. Specifically, under their insurance policy terms and applicable Arizona law, Defendant has a duty to pay, and represents that it will pay, the actual cash value of a loss vehicle when adjusting total loss claims. Notwithstanding these obligations and representations, Defendant fails to fulfill this obligation by using a valuation process that employs improper and unreasonable adjustments to reduce the value of comparable vehicles specified in the valuation reports, which in turn reduces the valuation of the total loss vehicles and the claim payment to the insured/claimant.

3. Specifically, Defendant, through Mitchell, systemically applies a so-called "Projected Sold Adjustment" that results in a significant downward adjustment to the base values of the comparable vehicles used to calculate the actual cash value of Plaintiff and Class members total loss vehicles. This reduction is contrary to appraisal standards and methodologies and is not based in fact, as it is contrary to the used car industry's market pricing and inventory management practices. The adjustment is applied to each of the comparable vehicles on top of adjustments for differences such as mileage, options, and equipment. The only purported explanation for the downward adjustment appears on the last page of the valuation reports and is a general, nondescript statement claiming that the reduction is to "reflect consumer purchasing behavior (negotiating a different price than the listed price)." Exhibit 1 at p. 8.

## JURISDICTION AND VENUE

4. Minimal diversity exists under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1441(a)-(b), and 1453. Plaintiff and the proposed class members are citizens of the State of Arizona. Defendant is an Ohio Corporation that has its corporate headquarters in Mayfield Village, OH, and, at all relevant times hereto, Defendant was engaged in the business of marketing and selling insurance policies and adjusting insurance claims in the State of Arizona.

5. Plaintiff estimates that there are more than 100 putative class members, and the aggregate compensatory damages (in the amount of the Projected Sold Adjustments that were deceptively deducted), claimed by Plaintiff and the Class are estimated in good faith to exceed $5,000,000.

6. Venue is proper in this District under 28 U.S.C. § 1391, as a substantial portion of the conduct giving rise to Plaintiff's claim occurred in this District, and Defendant transacts business in this District.

## PARTIES

7. Plaintiff Elliott Ambrosio resides in Maricopa County, Arizona. At all relevant times, Plaintiff was contracted with Progressive Preferred for automobile insurance. On or about September 10, 2020, Plaintiff Ambrosio was in a car wreck and Defendant deemed his vehicle to be a total loss.

8. Defendant Progressive Preferred Insurance Company has its corporate headquarters at 6300 Wilson Mills Rd, W33, Mayfield Village, OH 44143. Progressive Preferred issues insurance policies in Arizona.

## FACTUAL ALLEGATIONS

9. On September 10, 2020, Plaintiff Ambrosio was involved in a car wreck and sustained physical damage to his vehicle. At the time of the car wreck, Plaintiff Ambrosio was contracted with Progressive Preferred for automobile insurance.

10. Like all members of the putative Class, Plaintiff made a property damage claim to Defendant.

11. Defendant declared Plaintiff's vehicle to be a total loss and purported to offer

Plaintiff the actual cash value of his loss vehicle, as it promised and represented it would under the provisions of its insurance policy and Arizona law.

12. When calculating its valuations and claims payments, Defendant systemically employs a routine "total loss settlement process." The process has no material differences relevant to this action, regardless whether it involves first-party or third-party claimants. This process involves obtaining a "Vehicle Valuation Report" from Mitchell and then using and relying upon the valuation provided by Mitchell to determine the benefit payment under the policy. Defendant provided a Mitchell Vehicle Valuation Report for Mr. Ambrosio on September 15, 2020. *See* Exhibit 1.

13. The Mitchell Vehicle Valuation Report used by Defendant during the relevant period followed the same process, provided and disclosed the same or substantially the same material information, and presented that material information in the same or substantially the same format. These valuation reports purport to contain values for comparable vehicles recently sold or for sale in the claimant's geographic area. The reports also contain a purported valuation for the loss vehicle based upon advertisements for comparable vehicles listed in the report. The report then adjusts the advertised prices of those comparable vehicles to account for differences in equipment, mileage, and vehicle configuration. Exhibit 1 at p. 8.

14. In addition, however, the valuation report used by Defendant makes a further adjustment to Plaintiff's loss vehicle called a "Projected Sold Adjustment." For Plaintiff Ambrosio, Projected Sold Adjustments in the amounts of -$807.00, -$666.00, -$761.00, -$570.00, and -$808.00, respectively, were applied to each of the five comparable vehicles. Exhibit 1 at pp. 5-7.

15. Defendant provides no data specific to the comparable vehicles or any explanation of industry practices in its valuation reports to support any Projected Sold Adjustment, much less the specific downward adjustments used in Plaintiff's valuation report. Instead, the only explanation is buried on the last page of the report, stating in full: "Projected Sold Adjustment – an adjustment to reflect consumer purchasing behavior (negotiating a different price than the listed price)." Exhibit 1 at p. 8.

16. Defendant's Projected Sold Adjustments are deceptive. As part of a deceptive

practice to lower the value of property claims, Defendant does not do what they say they will do – pay actual cash value. Moreover, as described above, Defendant provides no explanation or justification for the Projected Sold Adjustment, much less the specific amount applied, other than the speculation that it "reflect[s] consumer behavior." Exhibit 1 at p. 8.

17. In truth, Defendant's Projected Sold Adjustments do not reflect market realities (the context in which "consumer behavior" occurs) and run contrary to customary automobile dealer practices and inventory management, where list prices are priced to market to reflect the intense competition in the context of internet pricing and comparison shopping. A negotiated price discount would be highly atypical and therefore is not proper to include in determining actual cash value. The inclusion of this significant downward adjustment purportedly to "reflect consumer purchasing behavior" is particularly improper in the context of this action—insureds who have suffered a total loss of their vehicle and need to procure a replacement and have limited time to search out the illusory opportunity to obtain the below-market deal Defendant assumes always exists without any explanation or support.

18. Defendant's Projected Sold Adjustments are contrary to appraisal standards. There are multiple generally-recognized and acceptable methodologies for determining actual cash value, including use of comparable vehicles. Defendant begins the process of valuing loss vehicles using comparative methodology but improperly deviates from that process by thumbing the scales in favor of Progressive Preferred. Defendant documents the loss vehicle's and each comparable vehicle's mileage, options, and trim, which are compared in the report, and makes dollar adjustments accordingly. Plaintiff does not challenge these documented adjustments. At this stage of the process, Defendant abandons the comparative methodology and applies adjustments that are contrary to proper appraisal methodologies for determining actual cash value. Appraisers use advertised prices and only make adjustments based on observed and verifiable data; appraisal standards do not permit arbitrary adjustments from the advertised price based upon undocumented and unverifiable projections.

19. The impropriety and arbitrariness of Defendant's Projected Sold Adjustments are further demonstrated by the fact that Mitchell's primary competitor in providing valuation reports

to insurance companies—CCC Intelligent Solutions—does not apply projected sold adjustments in this manner. Instead, CCC Intelligent Solutions uses list prices.

20. On information and belief, the impropriety and arbitrariness of Defendant's Projected Sold Adjustments are further demonstrated by the fact that Progressive Group entities do not apply these adjustments when valuing total losses in California. There is no justification for applying these adjustments when valuing total losses in Arizona while not subjecting California claimants to the same negative adjustments.

21. Plaintiff and each member of the class were damaged by Defendant's application of these Projected Sold Adjustments because they were not paid the actual cash value they would have received had Defendant applied proper methodologies and appraisal standards.

22. Were it not for this deceptive and imporper adjustment, the "Base Value" in Plaintiff's valuation report would have been higher, resulting in a higher "settlement value" and in turn a higher payment by Defendant for actual cash value. Specifically, for Plaintiff Ambrosio, were it not for this deceptive and improper adjustment, the payment of actual cash value by Defendant would have been $722.40 higher,[1] before adding the related increase in payments for applicable sales taxes.

## CLASS ALLEGATIONS

23. This action is brought by Plaintiff as a class action, on his own behalf and on behalf of all others similarly situated, under Rule 23 of the Federal Rules of Civil Procedure, for damages, plus interest, costs, and attorney's fees. Plaintiff seeks certification of this action as a class action on behalf of the following Class:

> All persons who made a first-party claim on a policy of insurance issued by Progressive Preferred to an Arizona resident who, from the earliest allowable time through the date of resolution of this action, received compensation for the total loss of a covered vehicle, where that compensation was based on a valuation report prepared by Mitchell and the actual cash value was decreased based upon Projected Sold Adjustments to the comparable vehicles used to determine actual cash value.

24. Plaintiff reserves the right to amend or modify the Class definitions.

---

[1] $722.40 is the average of the Projected Sold Adjustments applied to each of the five comparable vehicles in Plaintiff Ambrosio's valuation report.

25. Excluded from the proposed Class are: (a) Defendant and its agents, officers, directors, parent companies, subsidiaries, and affiliates; (b) counsel representing Plaintiff and any person employed by counsel; and (c) any judicial officers assigned to this case and their staff.

26. **Numerosity (Rule 23(a)(1)).** The exact number of the Class, as herein identified and described, is not known, but it is estimated to be in the thousands if not tens of thousands. Accordingly, the Class is so numerous that joinder of individual members herein is impracticable.

27. **Commonality (Rule 23(a)(2)).** There are common questions of law and fact in the action that relate to and affect the rights of each member of the Class and the relief sought is common to the entire class. In particular, the common questions of law and fact include:

   a. Whether Defendant systemically used Mitchell's Vehicle Valuation Reports in adjusting total loss claims to determine actual cash;

   b. Whether the Mitchell Vehicle Valuation Reports included Projected Sold Adjustments to the value of the comparable vehicles that reduced the base value, and thus the claim amount paid by Defendant for the actual cash value of Plaintiff's and Class members' total loss vehicles;

   c. Whether representing to claimants that the Mitchell valuation equated with the total loss vehicle's actual cash value was deceptive;

   d. Whether Defendant's deceptive acts and improper practices injured Plaintiff and members of the Class;

   e. Whether Defendant's acts violated its obligations under the policy of insurance;

   f. Whether Plaintiff and the Class are entitled to compensatory damages, and if so, the calculation of damages; and

   g. Whether Plaintiff and members of the Class are entitled to an injunction restraining Progressive Preferred's future deceptive acts and practices.

28. **Typicality (Rule 23(a)(3)).** The claims of the Plaintiff, who is representative of the Class herein, are typical of the claims of the proposed Class, in that the claims of all members of the proposed Class, including the Plaintiff, depend on a showing of the acts of Progressive Preferred giving rise to the right of Plaintiff to the relief sought herein. There is no conflict between the

individually named Plaintiff and the other members of the proposed Class with respect to this action, or with respect to the claims for relief set forth herein.

29. **Adequacy (Rule 23(a)(4)).** The named Plaintiff is the representative party for the Class, and is able to, and will fairly and adequately, protect the interests of the Class. The attorneys for the Plaintiff and the Class are experienced and capable in complex civil litigation, insurance litigation, and class actions.

30. **Predominance & Superiority (Rule 23(b)(3)).** Class certification is appropriate under Rule 23 because the common questions of law and fact in this case predominate over questions affecting only individual members of the Class, and a class action is the superior method for fair and efficient adjudication of the controversy. The likelihood that individual members of the Class will prosecute separate action is remote due to the time and expense necessary to conduct such litigation. The class action procedure would permit a large number of injured persons to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence and effort. Class treatment also would permit the adjudication of claims by class members who claims are too small and complex to individually litigate against a large corporate defendant.

31. **Final Declaratory or Injunctive Relief (Rule 23(b)(2)).** Plaintiff also satisfies the requirements for maintaining a class action under Rule 23(b)(2). Defendant has acted or refused to act on grounds that apply generally to the proposed Class, making final declaratory or injunctive relief appropriate with respect to the proposed Class as a whole.

32. **Particular Issues (Rule 23(c)(4)).** Plaintiff also satisfies the requirements for maintaining a class action under Rule 23(c)(4). Plaintiff's claims consist of particular issues that are common to all members of the Class and are capabale of class-wide resolution that will significantly advance the litigation.

**FIRST CAUSE OF ACTION**
**BREACH OF CONTRACT**
**(On Behalf of Plaintiff and the Breach of Contract Class)**

33. Plaintiff hereby repeats and realleges all preceding paragraphs contained herein.

34. This cause of action is asserted on behalf of Plaintiff Ambrosio, and members of the

Breach of Contract class against Progressive Preferred.

35. Plaintiff Ambrosio made a claim for property damage on his Progressive Preferred insurance policy.

36. At the time of his claim, Plaintiff Ambrosio was party to an insurance contract requiring Progressive Preferred to handle, adjust, and pay insureds the actual cash value of their total loss claim.

37. Before making his claim, and in the time since, Plaintiff Ambrosio has performed all obligations under his policy of insurance and was entitled to the benefits he contracted for in that policy.

38. Through the use of improper and unfounded Projected Sold Adjustments in Mitchell vehicle valuation reports, as detailed above, Defendant Progressive Preferred handled, adjusted, and paid Plaintiff Ambrosio's claim, and the claims of the members of the proposed Breach of Contract Class, for less than the actual cash value required by the insurance contract.

39. As a direct result of Defendant Progressive Preferred's breach, Plaintiff Ambrosio and members of the Breach of Contract Class sustained actual damages. Plaintiff Ambrosio's damages are at least $722.40 (before calculation of additional sales tax benefits), plus pre-judgment and post-judgment interest.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff individually and on behalf of all others similarly situated, respectfully requests that this Court:

a) determine that this action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, certify the proposed Class for class treatment, appoint Plaintiff as class representative for each class, and appoint undersigned counsel as Class Counsel;

b) enter an order finding that Defendant's actions described herein constitute breaches of the express terms of its policy of insurance;

c) award Plaintiff and members of the Class actual damages according to proof;

d) enter an injunction restraining Defendant's use of deceptive and unfounded Projected Sold Adjustments in determining the actual cash value of total loss vehicles;

e) award pre-judgment and post-judgment interest at the maximum rate permitted by applicable law;

f) award reasonable attorney's fees and litigation costs and expenses pursuant to applicable law; and

g) grant such such other legal and equitable relief as the Court may deem appropriate, including specific performance as an alternative to damages.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all claims so triable.

Dated: March 4, 2022                    Respectfully submitted,

**EDELSBERG LAW, P.A.**

By: */s/ Andrew J. Shamis*
**SHAMIS & GENTILE, P.A.**
Andrew J. Shamis (AZ Bar No. 037343)
ashamis@shamisgentile.com
14 NE 1st Avenue, Suite 705
Miami, FL 33132
Tel: (305) 479-2299
Fax: (786) 623-0915

**EDELSBERG LAW, P.A.**
Scott Edelsberg (CA Bar No. 330090)
(*pro hac vice forthcoming*)
scott@edelsberglaw.com
20900 NE 30th Ave, Ste. 417
Aventura, FL 33180
Tel: 305-975-3320
Fax: 786-623-0915

*Attorneys for Plaintiff and the Putative Class*